TOWN OF BROOKLINE *vs.* CRANE CONSTRUCTION COMPANY.

Suffolk.     January 3, 1934. — March 26, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & FIELD, JJ.

*Contract,* Implied, Construction, In writing, Building contract.  *Mistake. Evidence,* Extrinsic affecting writing, Competency.  *Municipal Corporations,* Contracts, Officers and agents, By-laws and ordinances.

During the performance by a contractor of a contract in writing for the construction of a building for a town, the contractor was informed by the architect in charge of the work that the town would furnish hardware which, under the contract, the contractor was to furnish unless the town elected to do so, in which case a certain sum therefor was to be deducted from the total amount payable to the contractor.  The town thereupon furnished the hardware.  No hardware was furnished by the contractor, but in his requisition for final payment he by mistake included the specified sum therefor, and the town auditor by mistake approved the entire amount of the requisition for payment, and it was paid.  The contract included a provision, "the making and acceptance of the final payment shall constitute a waiver of all claims by the . . . [town], other than those arising from unsettled liens, from faulty work appearing after final payment or from requirement of the specifications, and of all claims by the Contractor," with an exception not material.  The town sought, in an action of contract, to recover the payment made under mutual mistake of fact.  *Held,* that

(1) In the circumstances, the quoted provision of the contract was not applicable;

(2) The town was entitled to recover.

It appearing that a further provision of the same contract was that, if a surety bond was required by instructions given previous to the submission of bids, the premium should be paid by the contractor, but if subsequent thereto, it should be paid by the town; and that instructions and a form of proposal, subsequently incorporated in the contract, were furnished to the contractor before the bidding and provided that he was to furnish a bond, it was *held* that evidence, offered by the contractor under a declaration in set-off, that the town before the execution of the contract had agreed that it would pay the premium, properly was excluded.

An oral agreement by an architect employed by a town, which was inadmissible as evidence at the trial of an action to which the town and a building contractor were parties because it purported to vary a contract in writing between such parties thereafter made, was *held* to be inadmissible for the further reasons that there was no evidence of the authority of the architect, and that the by-laws of the town required such a contract to be in writing, countersigned and recorded.

CONTRACT. Writ dated May 9, 1932.

The claims set forth in the declaration and declaration in set-off are described in the opinion.

The action was tried in the Superior Court before *Morton*, J. The offer of the defendant respecting his claim to be reimbursed for payment of a premium on his contractor's bond was "to show that William Crane was the treasurer of the Crane Construction Company and conducted all negotiations prior to the execution of this contract on behalf of the defendant; that Sidney T. Strickland was not only architect in charge under this contract, but also before the execution of the contract he was the sole person who on behalf of the town negotiated with Crane and who procured Crane to bid for this work; that on the first occasion, John Guiney, superintendent of Crane Construction Company, called Mr. Strickland's office at Mr. Crane's direction and asked who paid the premium on the bond and was told by Mr. Strickland's assistant that the town paid the premium; and that thereafter on a second occasion in the process of such negotiations prior to the submission of Crane's bid he (Strickland) specifically told Crane that the expense of the premium on Crane's bond as contractor would be borne by the town; that Crane relied upon such statement of fact by Strickland and his bid was reduced in amount by just so much; that on another occasion after the submission of the bid based on the lower figure because the premium was excluded, and still prior to awarding the contract, Strickland inquired of Crane what the premium on said bond would be and said he must know before the contract was awarded because the town was going to pay the premium, and that Crane answered that the premium was one and one half percent; that after the contract was executed the town refused to pay the premium on the bond, and Crane was forced to pay the same; that he listed the same as an extra due him under the contract and demanded payment thereof, but that Strickland refused to allow such payment, but did admit to Crane that he, Strickland, had told Crane that the town would pay the premium."

A provision of the contract not quoted in the opinion was as follows: "Art. XII. It is further agreed that this contract is made subject to the provisions of Article IV, Section 7 of the By-Laws of the Town of Brookline, that 'No contract or change of contract, or order for labor or materials involving the expenditure of money from the appropriation for the construction of any public building shall be valid until countersigned by the Chairman of the Selectmen and recorded in a book to be kept for the purpose.' "

Other material evidence is described in the opinion. The judge ordered verdicts for the defendant on the declaration and for the town on the declaration in set-off; and reported the action for determination by this court upon the stipulation quoted in the opinion.

*L. Withington,* for the plaintiff.

*W. Noyes,* for the defendant.

CROSBY, J. This is an action of contract arising from the construction of a fire station by the defendant for the plaintiff. The plaintiff seeks to recover the sum of $1,900 which it alleges it paid the defendant under a mutual mistake of fact, together with interest on the sum so paid. The case is before this court on a report of a judge of the Superior Court who directed a verdict for the defendant upon the plaintiff's claim, and a verdict for the plaintiff on the defendant's declaration in set-off, subject to exceptions of the respective parties.

The report recites the following facts: On June 25, 1930, the defendant entered into a written contract with the plaintiff by which the defendant was to construct a fire station, and the plaintiff was to pay $63,872 therefor. The sum included $1,900 for hardware, and under the specifications this item was to be deducted from the contract price if the hardware was purchased by the plaintiff. On August 12, 1930, the defendant received from the architect in charge of the work a letter stating, in substance, that the plaintiff would furnish the hardware and deduct the amount of the allowance from the contract. The hardware was not furnished by the defendant but was purchased by the

plaintiff. Upon completion of the work the defendant filed a requisition for the final payment which erroneously failed to deduct $1,900 as orally agreed for the hardware. The plaintiff's auditor, having no personal knowledge that there had been no deduction of $1,900, "made payment of the full amount stated in the requisition."

The contract contained, among others, the following provision: "Art. 25 . . . No certificate issued nor payment made to the Contractor, nor partial or entire use or occupancy of the work by the Owner, shall be an acceptance of any work or materials not in accordance with this contract. The making and acceptance of the final payment shall constitute a waiver of all claims by the Owner, other than those arising from unsettled liens, from faulty work appearing after final payment or from requirement of the specifications, and of all claims by the Contractor, except those previously made and still unsettled." Immediately after the plaintiff had rested its case the defendant filed a motion for a directed verdict on the ground that the foregoing provision of the contract and the final payment thereunder constituted a waiver of the plaintiff's claim. The trial judge granted the motion and directed a verdict for the defendant subject to the plaintiff's exception.

As to the declaration in set-off the defendant made an offer of proof to the effect that the town agreed to pay the premium on the bond which the defendant under the agreement was required to furnish the plaintiff for the faithful performance of the contract under art. 30, no provision for such payment being provided for in the contract. The defendant in its offer of proof admitted that if the plaintiff was barred from recovery under art. 25, the defendant would also be barred from recovery on its claim, and that the declaration in set-off was pressed only in the event that the waiver was not as matter of law a bar to the plaintiff's claim. Subject to exception the defendant's offer of proof was excluded and a verdict for the plaintiff was directed on the declaration in set-off.

The judge states that the report contains all the pertinent evidence, and that the case is to be disposed of

in accordance with the following stipulation of the parties: "1. If the plaintiffs are not barred from recovery on their declaration because of the provisions of art. 25 of the contract, and if there was no error in the exclusion of the evidence offered in support of the declaration in set-off, then judgment is to be entered for the plaintiffs on their declaration, subject to the qualifications of the next stipulation. 2. In the event judgment is entered for the plaintiffs on their declaration, there is to be deducted therefrom the amount claimed in the second paragraph of the first count of the declaration in set-off, i.e., $45, with interest from October 15, 1930, it being specified that the plaintiffs enter this stipulation solely for the purpose of simplifying the record and without prejudice to their position with relation to the premium on the bond. 3. In the event that the plaintiffs are not barred by art. 25 from recovery on their declaration, and I erred in excluding the evidence offered in support of the declaration in set-off, then a verdict is to be entered for the plaintiffs on their declaration and the case remanded for trial of the issues raised by the declaration in set-off."

The primary question to be determined is whether the plaintiff is precluded from recovery by reason of art. 25 of the contract. It is the contention of the plaintiff that it is entitled to recover on the ground that the $1,900 was paid under a mutual mistake of fact. There can be no doubt upon the evidence that the payment was so made. It has been held that ordinarily where payments were made under a mutual mistake of fact and no negligence is shown in not discovering the error before the payments are made an action will lie for their recovery. *Gold Brand Confectionery, Inc.* v. *Dimick*, 276 Mass. 386, and cases cited. *Farnam* v. *Brooks*, 9 Pick. 212, 249. *Gould* v. *Emerson*, 160 Mass. 438, 439. *Millett* v. *Holt*, 60 Maine, 169. *Sheridan* v. *Carpenter*, 61 Maine, 83. 3 Williston on Contracts, § 1574. It is the contention of the defendant that the plaintiff is barred from recovery by reason of the provisions of art. 25 of the contract. It provides in part that "The making and acceptance of the final payment shall constitute

a waiver of all claims by the Owner, other than those arising from unsettled liens, from faulty work appearing after final payment or from requirement of the specifications, and of all claims by the Contractor, except those previously made and still unsettled." These words are plain, free from ambiguity, and easily understood. When the contract was entered into the parties agreed in advance that when the work was completed in accordance with its terms and the final payment was made all claims except certain specified ones were waived by the owner, it being the intention of the parties that after the final payment no claims other than those expressly excepted could be considered or allowed. The plaintiff does not contend that the claim upon which it seeks to recover is one of the exceptions not waived by the final payment.

When the defendant upon completion of the work filed a requisition for the final payment which erroneously failed to deduct $1,900 as agreed for the hardware purchased by the plaintiff, and the latter paid in full the amount of the requisition, both parties acted under a mutual mistake. In these circumstances the plaintiff is entitled to recover the sum of $1,900 so paid. As was said in *Gold Brand Confectionery, Inc.* v. *Dimick*, 276 Mass. 386, at page 389: "The defendant cannot properly contend that the plaintiff was guilty of negligence in not discovering the error before it made the payments: there was merely a failure to discover an error which the defendant had made." If, for instance, the defendant in computing the items comprising the final payment had mistakenly made the total $1,900 more than they actually amounted to, it would be plain that the plaintiff upon paying the amount of the requisition would be entitled to recover the overpayment so made. The payment made in the case at bar is analogous. Art. 25 of the contract relating to waiver of claims by the owner with certain named exceptions is not applicable to a payment made as here. The case is governed in principle by what was decided in *Gold Brand Confectionery, Inc.* v. *Dimick*, 276 Mass. 386, and cases hereinbefore cited.

The defendant in its declaration in set-off seeks to deduct

from the $1,900 paid by the plaintiff the sum of $1,012.08 paid as a premium on its contractor's bond with interest. Art. 30 of the contract provided that "If such bond is required by instructions given previous to the submission of bids, the premium shall be paid by the Contractor; if subsequent thereto, it shall be paid by the Owner." The instructions and form of proposal were furnished to the defendant prior to the bidding. The form of proposal to be filled out and submitted by the defendant provided that the defendant was to furnish a surety satisfactory to the chairman of the selectmen of the plaintiff. The instructions and proposal were incorporated in and made a part of the contract as finally executed. The defendant's offer of proof that the plaintiff agreed that it would pay the premium on the bond, if such agreement was made prior to the execution of the written contract, was not admissible. When the contract was made it fixed the rights of the parties and could not be varied by antecedent agreements. *Glackin* v. *Bennett*, 226 Mass. 316, 320. *Spevack* v. *Budish*, 238 Mass. 215, 217. The defendant offered to show that the architect was in charge of the work and that he told the defendant that the town would pay the premium on the bond, but there is no evidence to show that the architect had any authority to make such an agreement. Besides, such an agreement would be invalid under art. IV, § 7, of the by-laws of the plaintiff. It is plain that the defendant's offer of proof was rightly excluded, and that the defendant is not entitled to recover for the amount of the premium on the bond paid by it.

In accordance with the first paragraph of the stipulation of the parties judgment is to be entered for the plaintiff in the sum of $1,900 with interest thereon from February 6, 1931, less a deduction of $45, and interest thereon from October 15, 1930, as provided in the second paragraph of the stipulation.

*So ordered.*