PHILIP GOLDSTEIN *vs.* ROYAL INDEMNITY COMPANY.

Worcester.   January 6, 1937. — March 29, 1937.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS, & QUA, JJ.

*Insurance,* Robbery, Warranties.

There was no liability under a policy insuring against robbery and containing a warranty that "Assured and another employee" always would be "on duty within the premises" when the insurance applied,

where at the time of the robbery the insured was absent and only one employee was present, thereby increasing the risk of loss within G. L. (Ter. Ed.) c. 175, § 186.

CONTRACT. Writ in the Central District Court of Worcester dated January 4, 1933.

Upon removal to the Superior Court, the action was tried before *Baker*, J., who denied a motion that a verdict be ordered for the defendant. There was a verdict for the plaintiff in the sum of $303.03. The defendant alleged exceptions.

*E. J. Sullivan*, for the defendant.

*H. I. Shapiro*, for the plaintiff.

PIERCE, J. This is an action of contract upon a policy insuring the plaintiff against robbery in premises located on Southbridge Street, Worcester, Massachusetts, wherein the plaintiff conducted a meat and grocery store. To the plaintiff's declaration the defendant pleaded a general denial and a violation of the terms of the policy.

In substance, the evidence contained in the bill of exceptions warranted a finding of the following facts: On July 28, 1932, at about 7 A.M. the plaintiff's store manager, alone, arrived on the premises and opened the store. A few minutes later a man entered the store, gave the manager a twenty-dollar bill and asked him for a bag of flour. The manager, to get change, opened the safe and the cash drawer in it. On being interrupted by a remark, he turned and saw a revolver pointed in his face. He was then backed into the ice box, which was in a rear room, and locked up in it. He was released from the ice box by an employee of the plaintiff, who came into the store two or three minutes after the robber had left taking with him from the safe $252.11 of the plaintiff's money. At the conclusion of the evidence, all of which, so far as material, is contained in the bill of exceptions, the defendant presented to the court a written motion for a directed verdict in its favor. This motion was denied, and the case is before this court on the defendant's exception, duly saved, to such denial.

A copy of the insurance policy is annexed to the bill of

exceptions and was in evidence at the trial. Its provisions material to the issue before the court are as follows: "In Consideration of the Premium specified, and of the Statements contained in the Schedule (hereinafter called 'the Schedule') endorsed hereon and made a part hereof, which the Insured by the acceptance of this Policy warrants to be true, the Royal Indemnity Company (hereinafter called 'the Company') Does Hereby Agree to Indemnify the Insured named in the Schedule for all direct loss sustained (A) by Robbery, as hereinafter defined, committed within the United States or Canada, of money . . . . Provided always that the insurance hereby made is and shall be subject to the conditions hereafter set forth, and the memoranda, if any, endorsed hereon in like manner as if the same were respectively repeated and incorporated hereunder, and compliance with such conditions and memoranda, and each of them, shall be a condition precedent to the right of recovery hereunder." Under the heading "Schedule — Statements made by the Insured," statement numbered "5. . . . (d)," (in answer to "State the number of custodians who always will be on duty within the premises when the insurance applies,") reads "Assured and another employee."

It is to be noted that the plaintiff testified that he employed three men all the time; that two of these worked inside the store with himself and the other worked on a truck making deliveries; that these men were supposed to report at the store at 7 A.M.; and that the plaintiff was never there when they arrived because at that particular time he was always engaged in buying provisions. The provision of the policy that the "Assured and another employee" always will be on duty within the premises when the insurance applies, is a warranty, and the presence of the single employee on the occasion of the robbery was not a compliance with that warranty. *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169. *Faris* v. *Travelers Indemnity Co.* 278 Mass. 204.

The plaintiff relies on G. L. (Ter. Ed.) c. 175, § 186, which reads: "No . . . warranty made in the negotiation of a policy of insurance by the insured . . . shall be deemed

material or defeat or avoid the policy . . . unless . . . made with actual intent to deceive, or unless the matter . . . made a warranty increased the risk of loss," and points out that this section applies to warranties inserted in the policy itself as well as to those made in previous negotiations. *Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169, 172, 173. Manifestly the reply to the plaintiff's contention is, that on the admitted facts, as a matter of law, the risk of loss by robbery was increased by the failure to comply with the warranty made by the insured that "Assured and another employee" would be the "number of custodians who always will be on duty within the premises when the insurance applies."

The motion for a directed verdict for the defendant should have been allowed. The exception to the refusal to allow the motion is sustained and judgment is to be entered for the defendant.

*So ordered.*