BOLTA RUBBER CO., INC. *vs.* LOWELL TRUCKING CORPORATION & another.

Essex.  February 9, 10, 1939. — November 29, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Insurance,* Cargo liability. ` *Interstate Commerce.*

A provision in a Massachusetts policy of insurance covering a common carrier by motor truck against liability to owners of goods for loss by theft, that the insured "warranted" that an alarm system protecting the cargo compartment of the truck should be set in the "on" position while it was travelling, even if only a warranty within G. L. (Ter. Ed.) c. 175, § 186, referred to a matter which "increased the risk of loss" and the insured had no right of recovery on the policy after loss of goods by theft occurring while the alarm was not in the "on" position.

The owner of goods, stolen from a common carrier by motor truck insured against liability for loss by theft of goods, after obtaining judgment against the carrier, could not maintain a suit under G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the insurer's obligation to the carrier to the satisfaction of the judgment if the carrier had no right of recovery on the policy because of his failure to comply with certain provisions thereof; but the owner could recover from the insurer under a clause of the policy, inserted in accordance with a rule of the interstate commerce commission made under U. S. C. Sup. IV, Title 49, § 315, providing that the insurer, within a specified limit, would pay the owner for loss of property for which the insured might be legally liable, notwithstanding breach of the policy by the insured.

BILL IN EQUITY, filed in the Superior Court on February 15, 1938.

The suit was heard by *Broadhurst,* J., by whose order a final decree was entered directing the defendant insurer to pay the plaintiff $1,055, interest and costs. The plaintiff and the defendant Lowell Trucking Corporation appealed.

*H. M. Siskind,* for the plaintiff.

*J. F. Havlin,* for Lowell Trucking Corporation.

*H. F. Fanning,* (*A. T. Gould* with him,) for Niagara Fire Insurance Company.

LUMMUS, J. The defendant Lowell Trucking Corporation, a common carrier of goods by motor trucks, with places of business in Lowell and in the city of New York, was insured by a policy of insurance issued by the defendant Niagara Fire Insurance Company in the amount of $25,000 (increased by indorsement to $30,000) covering the loss of property upon a motor truck equipped with the Babaco alarm system and in the amount of $10,000 for the loss of property upon a motor truck not so equipped, against various perils, including "(g) Theft of entire package (excluding pilferage)." The policy provided: "This policy covers: The legal liability of the assured as a carrier . . . ." The insurer agreed: "The company shall indemnify and defend, in the name and in behalf of the assured, all claims brought against them incident to loss or damage arising out of the perils named in the policy, even though groundless, and will pay all legal expenses involved, including any judgment rendered against the assured, but this company shall not be liable for more than the actual cash value of the property at the time of loss or damage, and in no event shall be liable for more than the amount stated in the policy as applying to each vehicle or location." It was provided that "This policy does not insure . . . (g) Liability of the assured except to the owners of goods insured hereunder." The policy provides further, under the heading "Conditions": "(16) No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the assured shall have fully complied with all the requirements of this policy . . . ."

The part of the policy upon which the case mainly turns is the following: "In consideration of the rate at which this insurance is written it is warranted by the assured that the trucks . . . used in long distance trucking including route from . . . Lowell, Massachusetts to New York, N. Y. are equipped with the Babaco Alarm System.

. . . It is further warranted by the assured that such 'Babaco' equipment protecting the cargo compartment shall be in the 'on' position except with respect to any truck . . . which is actually being loaded and/or unloaded . . . ."

The Babaco alarm system for trucks is designed, when set in the "on" position, to sound a siren whistle upon the opening of a door to either the cab where the operator sits or the compartment containing the cargo. The siren whistle sounds a long time and stalls the motor, so that the truck cannot easily be driven away. The alarm is set in the "on" position by master keys, of which there are only two, one kept at Lowell and the other in the city of New York. The operator by pressing a certain button can open the cab door without sounding the alarm, but he has no means of so opening the cargo compartment when the alarm is set in the "on" position.

On August 15, 1937, the Lowell Trucking Corporation undertook to carry goods of the plaintiff from Lowell to a consignee in the city of New York in one of its trucks which was equipped with the Babaco alarm system. The Lowell Trucking Corporation intentionally refrained from setting the alarm in the "on" position as to the cargo compartment, for some goods in the truck were to be delivered at Stamford, Connecticut, on the way to New York. In the city of New York, before the transportation ended, the operator of the truck was beset with armed robbers, who forced him to give them access to the cargo compartment, as he could do because the alarm was not in the "on" position. The robbers drove the truck away and stole all the plaintiff's goods.

The plaintiff obtained judgment against the Lowell Trucking Corporation in the sum of $4,079.51 damages and $9.90 costs, and then brought this bill under G. L. (Ter. Ed.) c. 175, §§ 112, 113, and c. 214, § 3 (10), to reach and apply the obligation of the insurer Niagara Fire Insurance Company in satisfaction of the judgment.

It is not necessary to decide whether the provision requiring the use of the Babaco alarm system in the "on" position is a condition of liability or only a warranty. Even if it was the latter, and because the policy was made in

Massachusetts the provision fell within G. L. (Ter. Ed.) c. 175, § 186, though incorporated in the policy (*Everson* v. *General Accident, Fire & Life Assurance Corp. Ltd.* 202 Mass. 169; *Collins* v. *Casualty Co. of America,* 224 Mass. 327, 331; *Goldstein* v. *Royal Indemnity Co.* 297 Mass. 55, 57; compare *Faris* v. *Travelers Indemnity Co.* 278 Mass. 204), the breach of it under the circumstances of the case warranted if it did not require the finding that the "matter . . . made a warranty increased the risk of loss." *Goldstein* v. *Royal Indemnity Co.* 297 Mass. 55. Compare *Schiller* v. *Metropolitan Life Ins. Co.* 295 Mass. 169, 177, *et seq.* The Lowell Trucking Corporation has no right to recover upon the policy, and consequently, apart from the indorsement remaining for consideration, there is no obligation for the plaintiff to reach. *Souza* v. *Car & General Assurance Corp. Ltd.* 281 Mass. 117.

But the judge rightly ruled that the violation by the Lowell Trucking Corporation of the provisions of the policy did not impair the right of the plaintiff to enforce for its own benefit the obligation of the defendant insurer to the extent of $1,000 and no more, under the indorsement added to the policy in obedience to the rules and regulations of the Interstate Commerce Commission made under the authority of the Motor Carrier Act of 1935 (Act of August 9, 1935, c. 498, 49 U. S. Sts. at Large, 543, U. S. C. Sup. IV, Title 49, §§ 301–327).*

---

* Pursuant to U. S. C. Sup. IV, Title 49, § 315, the Interstate Commerce Commission on August 3, 1936, prescribed a form of indorsements for policies of insurance for cargo liability which interstate motor common carriers were required by that section and the rules of the commission to obtain. That form was followed in the policy in question. By the indorsement the insurer "hereby agrees to pay, within the limits of liability hereinafter provided, any shipper or consignee for all loss of or damage to all property belonging to such shipper or consignee, and coming into the possession of the insured in connection with its transportation service, for which loss or damage the insured may be held legally liable . . . . Within the limits of liability hereinafter provided it is further understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, or any other endorsement thereon or violation thereof, or of this endorsement by the insured, shall affect in any way the right of any shipper or consignee, or relieve the Company from liability for the payment of any claim for which the insured may be held legally liable to compensate shippers or consignees, irrespective of the financial responsibility or lack thereof or insolvency or bankruptcy of the insured. . . . The company shall not be liable . . . in any event for an amount in excess of $1,000, in respect of the loss of or damage to such property carried on any one motor vehicle . . . ."

The plaintiff and the defendant Lowell Trucking Corporation claim appeals from an interlocutory decree as well as from the final decree, but no interlocutory decree appears in the record. They may have supposed that the order for a decree was an interlocutory decree and appealable as such. *Gulesian* v. *Newton Trust Co.* 302 Mass. 369, 372.

*Final decree affirmed with costs.*