## NIAGARA FIRE INSURANCE COMPANY *vs.* LOWELL TRUCKING CORPORATION.

Middlesex.    October 8, 1943. — July 10, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, & RONAN, JJ.

*Insurance,* Reimbursement of insurer, Waiver, Indorsement. *Res Judicata. Waiver. Evidence,* Presumptions and burden of proof.

A final decree for the plaintiff in a suit in equity by a shipper of goods against a carrier and the carrier's insurer to enforce the insurer's obligation under a cargo liability policy in satisfaction of a judgment of the shipper against the carrier for loss of the goods, did not conclusively establish the insurer's right under the policy to reimbursement by the carrier for money paid the shipper in compliance with the decree.

Proof that the insurer in an insurance policy had full knowledge of the circumstances of a loss at times thereafter when it issued an indorsement increasing the limits of the policy and accepted premiums thereon was necessary to sustain the burden on the insured of showing waiver by the insurer of a breach of the policy by the insured in connection with the loss.

An indorsement forming part of an insurance policy at the time of the issuance of the policy was effective although the indorsement was not signed in the place provided for countersigning.

CONTRACT.    Writ in the Superior Court dated May 8, 1941.

The action was heard by *Swift,* J.

*J. F. Havlin,* for the defendant, submitted a brief.

*S. H. Babcock,* for the plaintiff.

DOLAN, J.    This is an action of contract to recover money paid by the plaintiff to a shipper of goods which were stolen while in course of transportation in a truck

owned by the defendant. The case was heard by a judge of the Superior Court sitting without a jury. He found for the plaintiff and assessed damages in the sum of $1,234.79, and the case comes before us on the defendant's exceptions to the denial of certain of its requests for rulings.

Material facts disclosed by the evidence are these. The action was brought after *Bolta Rubber Co. Inc.* v. *Lowell Trucking Corp.* 304 Mass. 426, was decided. In that case a bill in equity was brought by the Bolta company against the trucking company and the plaintiff in the present case as the insurer seeking to reach and apply the obligation of the insurer in satisfaction in part of a judgment previously obtained by the Bolta company against the trucking company for the loss of goods stolen from its truck. A final decree was entered in that suit ordering the insurer, the plaintiff in the present case, to pay to the Bolta company $1,055, interest and costs. Upon appeal to this court the decree was affirmed. The plaintiff complied with the decree. The present action is brought under the terms of a policy of insurance issued by the plaintiff to the defendant under date of December 1, 1936. The policy covered loss of property upon trucks of the defendant equipped with the Babaco alarm service. Under the heading of "Conditions," it provided that "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless the Assured shall have fully complied with all the requirements of this policy . . .." The policy also contained the following provision: "In consideration of the rate at which this insurance is written it is warranted by the assured that the trucks . . . used in long distance trucking including route from . . . Lowell, Massachusetts to New York, N. Y. are equipped with the Babaco Alarm System . . .. It is further warranted by the Assured that such 'Babaco' equipment protecting the cargo compartment shall be in the 'on' position except with respect to any truck . . . which is actually being loaded and/or unloaded . . .." There was an indorsement on the policy whereby, "In consideration of the premium stated in the policy to which this endorsement is attached, the

Company hereby agrees to pay, within the limits of liability hereinafter provided, any shipper or consignee for all loss of or damage to all property belonging to such shipper or consignee, and coming into the possession of the insured in connection with its transportation service, for which loss or damage the insured may be held legally liable, regardless of whether the motor vehicles, terminals, warehouses, and other facilities used in connection with the transportation of the property hereby insured are specifically described in the policy or not.  The liability of the Company extends to such losses or damages whether occurring on the route or in the territory authorized to be served by the insured or elsewhere, except as follows: No exceptions . . . Within the limits of liability hereinafter provided it is further understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, or any other endorsement thereon or violation thereof, or of this endorsement by the insured, shall affect in any way the right of any shipper or consignee, or relieve the Company from liability for the payment of any claim for which the insured may be held legally liable to compensate shippers or consignees, irrespective of the financial responsibility or lack thereof or insolvency or bankruptcy of the insured. However, all terms, conditions, and limitations in the policy to which this endorsement is attached are to remain in full force and effect as binding between the insured and the Company.  The insured agrees to reimburse the Company for any payment made by the Company on account of any loss or damage involving a breach of the terms of the policy and for any payment that the Company would not have been obligated to make under the provisions of the policy, except for the agreement contained in this endorsement. The liability of the Company for the limits provided in this endorsement shall be a continuing one notwithstanding any recovery hereunder.  The Company shall not be liable for an amount in excess of $2,000, in respect of any loss of or damage to or aggregate of losses or damages of or to the property hereby insured occurring at any one time and place, nor in any event for an amount in excess of $1,000,

in respect of the loss of or damage to such property carried on any one motor vehicle, whether or not such losses or damages occur while such property is on a motor vehicle or otherwise. Whenever requested by the Commission, the Company agrees to furnish to the Commission a duplicate original of said policy and all endorsements thereon. This endorsement may not be canceled without cancelation of the policy to which it is attached. Such cancelation may be effected by the Company or the insured giving thirty (30) days' notice in writing to the Interstate Commerce Commission at its office in Washington, D. C., said thirty (30) days' notice to commence to run from the date notice is actually received at the office of said Commission." This indorsement was made to assure compliance with the Motor Carrier Act of 1935,[1] concerning making compensation to shippers or consignees for all property belonging to them coming into the possession of the carrier in connection with its transportation service, and to comply with the rules and regulations of the Interstate Commerce Commission adopted in pursuance of the act. This indorsement was dated at Boston December 1, 1936 (that being also the date of the policy), and concluded thus, "Countersigned by            Authorized Company Representative." No signature followed the words "Countersigned by." There was also attached to the policy the following indorsement, "August 31, 1937   It is agreed that the limit of liability on trucks equipped with the Babaco Alarm System is increased from $25;000. to $30,000. It is also agreed that claims arising out of any one disaster the limit of liability is increased from $50,000. to $60,000. All other terms and conditions remaining the same. Attached to and forming part of Policy No. I.M. 3326 of the NIAGARA FIRE INSURANCE COMPANY. Agents   John C. Paige & Co." The goods for the loss of which the plaintiff had been required to pay (up to the limit of its liability on the policy) to the Bolta Rubber Co. Inc., were in course of transportation from

---

[1] Motor Carrier Act of August 9, 1935, c. 498, 49 U. S. Sts. at Large, 543, U. S. C. (1934 ed.) Sup. IV, Title 49, §§ 301–327. See *Bolta Rubber Co. Inc.* v. *Lowell Trucking Corp.* 304 Mass. 426, 429.

Lowell to the city of New York, in a truck owned by the defendant which was covered by the policy. The truck was equipped with a Babaco alarm system. The defendant intentionally refrained from setting the alarm on the cargo compartment, so that a delivery could be made at Stamford, Connecticut. This was conceded by the defendant. The driver was unable, however, to deliver any goods there, and proceeded to New York City arriving there on August 16, 1937, at about 5 A.M. He stopped his truck and was examining shipping papers when he was held up by robbers and forced at gun point to let them into the cab and take control of the truck. They drove the truck away, stole the cargo including the shipment of the Bolta company, thrust the driver into the cargo compartment of the truck, and abandoned it.

The defendant's exceptions are to the denial of certain of its requests for rulings, which were in substance to the effect that the evidence would not warrant a finding for the plaintiff, that it did warrant a finding for the defendant, and that the plaintiff had waived the terms and conditions of the policy of insurance upon which it relies by increasing the limit of its liabilities from $50,000 to $60,000 by indorsement made subsequently to the time when it had full knowledge of the loss in question, and by accepting payments of premiums upon the policy after that time. Among other contentions the plaintiff has argued that as matter of law the liability of the defendant to the plaintiff was conclusively adjudicated in *Bolta Rubber Co. Inc.* v. *Lowell Trucking Corp.* 304 Mass. 426, in which case the plaintiff in the present case was in essence the principal defendant. There is nothing in this point. *Brown* v. *Great American Indemnity Co.* 298 Mass. 101, 105.

In the matter of the requests for rulings of the defendant bearing upon the questions of waiver or estoppel, the judge found specifically that the plaintiff did not have "full knowledge of the loss referred to as occurring on August 16, 1937, at the time [the] policy . . . was increased or during the period from August 16, 1937, to November 6, 1937, wherein it accepted premiums on [the] policy . . . and . . . [he]

therefore . . . [denied] the defendant's requests . . . [in question] as being inapplicable to the facts which . . . [he] . . . found." These findings of fact must stand unless they cannot be supported on any view of the evidence. The defence of waiver was pleaded by the defendant. It is an affirmative defence and must not only be pleaded but also be proved by the party alleging it. Waiver is the intentional relinquishment of a known right. *Nashua River Paper Co.* v. *Lindsay*, 242 Mass. 206, 208, and cases cited. *Potter* v. *Great American Indemnity Co., ante,* 155, 158. *Jacobs* v. *National Accident & Health Ins. Co.* 103 Vt. 5. *Bennecke* v. *Insurance Co.* 105 U. S. 355. *Colbath* v. *H. B. Stebbins Lumber Co.* 127 Maine, 406, 413, 414. *Davison* v. *Klaess,* 280 N. Y. 252. See *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469, 473; *Friedman* v. *Orient Ins. Co.* 278 Mass. 596, 598, 599; *Commissioner of Banks* v. *Chase Securities Corp.* 298 Mass. 285, 323. In the present case the evidence is insufficient in law to support a finding that the plaintiff had full knowledge of the circumstances attendant upon the loss of the goods in question. There is nothing to show that prior to November 6, 1937, when the policy was canceled, it had knowledge that at the time they were stolen from the defendant's truck the Babaco alarm system was not in the "on" position as required by the terms of the policy or to show that up to the date just mentioned it knew of this breach of warranty by the defendant. See *Ray* v. *Fidelity & Deposit Co.* 275 Mass. 184. This being so, it follows that the defendant did not sustain the burden of proof resting upon it to establish the waiver pleaded by it and that the findings of the judge with respect thereto must stand (see *Judkins's Case,* 315 Mass. 226, 231), and that there was no error in the denial of the defendant's requests for rulings as to this subject matter.

The defendant has also argued that, since the indorsement on the policy upon which the plaintiff seeks to recover, namely, that including the provision that the "insured agrees to reimburse the Company for any payment made by the Company on account of any loss or damage involving a breach of the terms of the policy and for any pay-

ment that the Company would not have been obligated to make under the provisions of the policy, except for the agreement contained in this endorsement," was not actually signed or countersigned by the plaintiff or its authorized representative as required by G. L. (Ter. Ed.) c. 175, § 33, this particular rider or indorsement was a nullity as matter of law. But the indorsement in question appears to have been a part of the policy at the time of its issuance and the policy was duly countersigned.

There was no error in the denial of the defendant's requests for rulings to the effect that the evidence did not warrant a finding for the plaintiff. There was also no error in the denial of the request that as matter of law the evidence warranted a finding for the defendant. The denial of this request can stand only if as matter of law the evidence would not warrant such a finding. Since upon all the evidence a finding by the judge was required as matter of law that the defendant had broken the terms and conditions of the policy and indorsement thereon, and upon the specific findings of the judge a finding was required as matter of law that the defendant had not sustained the burden of proving a waiver by the plaintiff of said terms and conditions, the ruling in question could not have been granted properly by the judge. Treating the denial of the request in question as a ruling of law that the evidence would not warrant a finding for the defendant, we are of opinion that it was correct. See *Hoffman* v. *Chelsea*, 315 Mass. 54, 55, 57, and cases cited. *Ryerson* v. *Fall River Philanthropic Burial Society*, 315 Mass. 244.

*Exceptions overruled..*