VANCE MCCRACKEN, *by his father and next friend & a.*

*v.*

CAR & GENERAL INSURANCE CORPORATION, LTD. *& a.*

*Murchie & Murchie*, for the plaintiffs, filed no brief.

*Sulloway, Piper, Jones, Hollis* and *Godfrey* (*Mr. Piper* orally), for the defendant company.

*Sewall, Varney* and *Hartnett* (*Mr. Hartnett* orally), for the remaining defendants.

DUNCAN, J.   The defendant's exceptions present the sole question of whether the defendant company is deprived of the right to avoid the extra-territorial provisions of the policy because of its retention of the premium paid by the plaintiff Kee.   Upon the facts found, it is not disputed that it became entitled to avoid the policy because of Kee's fraud in procuring it.   It is conceded that strictly speaking the company is not "estopped" to assert this right, since the individual defendants have relied upon no conduct of the company to their prejudice.   See, *Duval* v. *Insurance Company*, 82 N. H. 543, 546. They urge, however, that as a matter of law the failure of the company to tender a return of a proportionate part of the premium constitutes a waiver of its right, in the sense of an "intentional relinquishment of a right with knowledge of all the facts."

Since the company consistently denied liability following discovery of the fraud after loss occurred, any relinquishment of its right must result by operation of law; and since the plaintiff Kee does not seek to recover the premium in this action, we are concerned with the company's conduct only as it affects the claim of the individual defendants to enforce the policy for their own benefit.

According to the weight of authority, where knowledge of facts giving rise to a right of avoidance or forfeiture of a policy is not obtained until after a loss has occurred, the retention of the premium thereafter is not as a matter of law a waiver of the right.   29 Am. Jur.

659, s. 862; 45 C. J. S. 699, s. 716 b (2); *Benanti* v. *Delaware Ins. Co.*, 86 Conn. 15, 20; *Seaback* v. *Metropolitan Life Ins. Co.*, 274 Ill. 516, 522. See also, *Spaulding* v. *Mutual Life Ins. Co. of New York*, 96 Vt. 67; *Commercial Standard Ins. Co.* v. *Robertson*, 159 Fed. (2d) 405, 408; *Sargent* v. *Company*, 82 N. H. 489, 492.

In maintaining a position contrary to this general rule, the individual defendants have relied upon Massachusetts law, citing *Maryland Casualty Company* v. *Martin*, 88 N. H. 346, for the proposition that that law is controlling. The company asserts that the issue is remedial in nature, and governed by the law of this jurisdiction. The reasons advanced in support of these arguments are not convincing. Interpretation of the policy is not involved and its provisions are not before us. If the matter were wholly procedural, it might be disposed of under the rule followed in *Kenalos* v. *Company*, 81 N. H. 426, and *Page Belting Company* v. *Prince*, 77 N. H. 309, dispensing with tender. But the issue goes beyond procedure to the question of whether a substantive right has been lost or intentionally relinquished by conduct outside of the litigation. Whether this question should be determined according to the law under which the right to avoid the policy arose (see, 2 Beale, Conflict of Laws, s. 347. 1), or by the law of the forum where enforcement of the contract is sought (see, *Garabedian, Inc.* v. *Anderson*, 92 N. H. 390, 393), it is unnecessary to decide. The authorities of the two jurisdictions involved disclose no apparent conflict, and the individual defendants' principal contentions find no substantial support in either jurisdiction.

It has frequently been said in this jurisdiction that the doctrine of waiver as asserted against insurance companies is only another name for the doctrine of estoppel: *Duval* v. *Company, supra; Doolan* v. *Company*, 85 N. H. 531, 534; *Jean* v. *Association*, 92 N. H. 514, 516. The doctrine of estoppel, the individual defendants concede, does not apply. Claims of "actual waiver," where elements of estoppel were not present, have received some consideration in our decisions. See, *Daley* v. *Company*, 81 N. H. 502, 503; *Sargent* v. *Company, supra.* If such a waiver may occur, yet no aspect of the case before us serves to distinguish it from the authorities generally, holding that mere retention of a premium under comparable circumstances does not necessarily constitute a waiver.

Turning to the Massachusetts decisions cited by the defendants, we find no indication of repudiation by that jurisdiction of the prevailing view upon the point in question. Particular emphasis is placed upon authorities cited in *Gechijian* v. *Richmond Insurance*

*Company,* 298 Mass. 487, concerning which it was said: "Some of these cases also lay stress upon retention by the company of premiums after knowledge of the breach as constituting a waiver." *Id.,* 491. Examination of the cases, however, discloses that most of them involved acceptance of a premium as well as its retention, after notice of the facts affording ground for avoidance. To the extent that retention alone is deemed a waiver, the rule is limited to situations where knowledge was obtained before the loss, but the premium was retained until the loss occurred, and avoidance sought thereafter. *Hanover Fire Insurance Company* v. *Dallavo,* 274 Fed. 258. See also, 3 Couch, Insurance, *s.* 687a; 45 C. J. S., *s.* 716 b (1).

No other Massachusetts decisions which have come to our attention serve to fortify the position of the individual defendants. In *Niagara Fire Insurance Company* v. *Lowell Truck Corp.,* 316 Mass. 652, the question of waiver was considered to be one of fact, and the burden of proof upon the party asserting it. The case before us presents no issue of the sufficiency of the evidence to support the findings.

The point is emphasized that the defendants are not parties to the fraud, or even to the contract, but it is difficult to discern in this any significance favorable to them. Not being entitled to a return of the premium, they are in no position to complain of its retention. The authorities strongly indicate that the plaintiff Kee would not be entitled to recover the premium. *Hoyt* v. *Gilman,* 8 Mass. 335; *Friesmuth* v. *Agawam Mutual Fire Insurance Company,* 10 Cush. 587; *Fisher* v. *Metropolitan Life Ins. Co.,* 160 Mass. 386; *Spaulding* v. *Mutual Life Ins. Co., supra;* 29 Am. Jur. 378, *s.* 456; 44 C. J. S. 1398, *s.* 407e. In this situation, there can be no justification for a rule which would nevertheless require the company to make a tender, on penalty of loss of its defense. *Seaback* v. *Metropolitan Life Ins. Co., supra,* 522.

No suggestion is made that any statute is applicable to the extraterritorial provisions of the policy which would confer upon the defendants rights greater than those of the assured. See, *Doolan* v. *Company, supra,* 532; *American &c. Co.* v. *Company,* 91 N. H. 466; R. L., *c.* 122, *s.* 18.

*Judgment for the defendant company.*

All concurred.