Rockingham,
No. 6046.

AAA Trucking Corporation

*v.*

Spherex, Inc.

December 1, 1970.

*Samuel A. Margolis* for the plaintiff.

*Wayne J. Mullavey* for the defendant.

Per Curiam. This is an action to recover for trucking charges furnished by the plaintiff to the defendant. The actual transportation, delivery of the goods and the amount of the charges, are undisputed.

The Master who heard the case ( *Leonard C. Hardwick,* Esq. ) in his report recommended a verdict for the plaintiff carrier for $ 2,299.44, being the amount set forth in the specifications. This report and recommendation were approved by *Perkins,* J., who reserved and transferred the defendant's exceptions.

The essential findings and rulings of the master are as follows:

" This is an action to recover for freight charges. The actual transportation of the goods and delivery is not in dispute.

" The goods were shipped by the defendant [consignor] to [the consignee] Dennis Mitchell, Inc. of Philadelphia. The charges were billed to the consignee and over a period of time paid by the consignee. However, the last eighteen shipments, the first on November 10, 1965, and the last on July 22, 1966, although billed to the consignee were not paid by it. In the spring of 1967 the consignee went into bankruptcy. The plaintiff filed a claim against the bankrupt, but no dividend was paid.

" On March 15, 1967, the plaintiff notified the defendant that

the consignee had not paid the charges and that the plaintiff was looking to the defendant for payment.

" The bill of lading for each shipment contained the following provision on the front of the bill of lading: ' Subject to Section 7 of conditions of applicable bill of lading, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges . . . ' The defendant had not signed the statement or any of the bills of lading.

" Under the rules of the Interstate Commerce Commission, carriers may not extend credit for a period to exceed seven days. It is obvious that in the present case the rule was violated by the plaintiff. However, to relieve the defendant of liability would be a violation of the terms of the contract as evidenced by the bill of lading. The credit rule of the Interstate Commerce Commission was not made for the purpose of providing relief from liability, but for the purpose of preventing the carrier from discriminating between its various customers. The violation of the rule does not affect the question of liability.

" The Master recommends verdict for the plaintiff in the sum of $ 2,299.44. "

The defendant in its brief states the issue before this court as follows: " Whether the plaintiff should be estopped from collecting freight charges from the defendant because the plaintiff violated a regulation of the Interstate Commerce Act by extending credit to the consignee beyond the seven day credit period limit. "

The defendant agrees that the weight of authority is that the plaintiff carrier may collect freight charges from the defendant consignor if unable to do so from the consignee. *Illinois Steel Co.* v. *Baltimore & O. R.R. Co.,* 320 U.S. 508, 88 L. Ed. 259, 64 S. Ct. 322 ( 1944 ); 13 Am. Jur. 2d Carriers *ss.* 471-72, 477 ( 1964 ); *see Missouri Pac. R.R.* v. *Nat'l Milling Co.,* 409 F.2d 882, 884 ( 3d Cir. 1969 ).

The defendant, to be relieved of liability, could have signed the nonrecourse clause in the bill of lading, but did not do so. *Illinois Steel Co.* v. *Baltimore & O. R.R. supra*; 49 U.S.C. para. 3( 2 ); *see* 49 U.S.C. *s.* 323.

The mere fact that the plaintiff extended credit to the consignee for more than seven days is no bar to its action. The purpose of this clause is, as the master correctly ruled, not to enable the

consignor to avoid payment, but to prevent discrimination. *Illinois Steel Co.* v. *Baltimore & O. R.R. supra;* 49 U.S.C. para. 3( 2 ); *see* 49 U.S.C. *s.* 323. *See United States* v. *General Expressways, Inc.,* 270 F. Supp. 115, 117 ( D. Colo. 1967 ).

However, the defendant seeks to avoid the application of the above principles by claiming estoppel against the plaintiff because of its " gross negligence " in failing to collect the charges from the consignee who was, as the master's report states, discharged in bankruptcy. The answer to this is that the master's recommendation, adopted by the court, that a verdict be entered for the plaintiff constitutes an implied finding that the defendant did not establish the facts necessary to sustain a finding of estoppel under our law. *Bigwood* v. *Merrimack Village District,* 108 N.H. 83, 87, 229 A.2d 341, 344-45 ( 1967 ); *McCracken* v. *Insurance Co.,* 94 N.H. 474, 55 A.2d 894 ( 1947 ). *Cf. Missouri Pac. Ry.* v. *Nat'l Milling Co.,* 409 F.2d 882 ( 3d Cir. 1969 ). Nor was any finding compelled that discrimination existed. The master's conclusions are supported by the record, and we sustain them.

It appears that the authorities relied upon by the defendant, such as *American Ry. Exp. Co.* v. *Mohawk Dairy Co.,* 250 Mass. 1, 144 N.E. 721 ( 1924 ), are clearly distinguishable from the case before us. Unlike the present case, the carrier in the *Mohawk* case issued no bill of lading the provisions of which would govern the relations of the parties.

The trial being free from error, the order is

*Judgment on the verdict.*