Flatley,J.
This is an action by plaintiff Security National Bank (“the Bank”) torecover the balances of principal and interest allegedly due on two promissory notes executed on behalf of the corporate defendants and by defendant Ralph Cerundolo, individually.
The defendants answered that the notes had been paid in full and that the Bank had dishonored the parties’ agreement by overcharging them for interest. The defendants counterclaimed for a refund of the excess interest paid.
The notes were executed in January and April of 1979 and were originally payable on demand. A security agreement and guaranty executed in conjunction with the notes provided for interest at a rate of one (1%) percent above prime up to a twelve (12%) percent ceiling per annum. Monthly interest payments on the notes were initially made by the Bank’s automatic debit of the defendants’ accounts.
Thereafter, between January and March, 1980, the parties negotiated a new payment schedule for the amortization of the principal balances of the notes over a three to five year period. The trial com! found as a fact, on conflicting evidence, that the parties did not effect any change in the interest rate of prime plus 1% up to a 12% cap.
Subsequent to the repayment negotiations, the automatic debiting procedure was abandoned and the Bank instead forwarded monthly statements to the defendants. Recreational Dimensions and Cerun made payments of principal and interest in accordance with the amortization schedule and Bank’s invoices from March, 1980 until June, 1983. On June 3,1983, the defendants discovered that the Bank had been charging interest at prime plus 1% with no 12% cap during a period of time when the prime rate was soaring. Immediately upon their discovery of the interest overcharges, the defendants stopped paying the notes and this litigation ensued.
The trial court found that the Bank had breached the parties’ agreement by overcharging the defendants a total of $23,680.92 for intérest in excess of the 12% annual cap.
The court went on to find, inter alia, that:
the defendant’s failure to recognize that the Bank exceeded the 12% ceiling for over three years has an impact on the damages it may recover. A party may not recover for damages that were avoidable by the use of reasonable precautions on his part...
To permit the defendant to recover the full amount of the overcharge is unreasonable, for itwould be rewarding acompany for irresponsibility in the management of its financial operations....
I find that the defendants allowed the matter to be procrastinated for too *22 long a period of tíme and therefore should not benefit by this inattention.
The trial court concluded that the interest cap should be enforced only for part of the amortization period, and thereafter the “bank’s note shall be in effect." The court sua sponte selected the date of April 30,1981, and imposed the 12% cap to this point approximately one year into the amortization period.
Judgment was entered for the Bank on Counts I and II of its complaint for the sum oftheinterestdueattheprimerateplus l%after April30,1981 plus interest. Judgment for the defendants on their counterclaim was entered for interest paid by them in excess of the 12% cap up to April, 1981 only. The defendants thereafter appealed from that decision.
The defendants’ draft report, which was established upon petition by this Division, sought appellate review solely on the issue of the propriety of the trial court’s limitation on the amount of overcharged interest that they could recoup. The Bank did not seek appellate review.
The essence of the trial court’s judgment was that the defendants were not entitled to recover the full amount of the excess interest paid because they failed, in the responsible management of their financial operations, to discover the overcharges at an earlier date. It is clear that this finding did not constitute one of waiver by the defendants of their right to full repayment of the excess interest charged. The court specifically found that the defendants’ “neglect in failing to discover the breach... did not constitute [the] ‘intentional relinquishment of a known right.’” Minot v. Minot, 319 Mass. 253, 269 (1946); Niagara Fire Ins. Co. v. Lowell Truck. Corp., 316 Mass. 652, 657 (1944).
The court’s restriction on the'defendants’ recovery of excess interest beyond an arbitrary date in the amortization period was instead based on its application of the rule of contract law requiring mitigation of damages. The court correctly noted that an injured party “may not recover for damages that were avoidable by the use of reasonable precautions on his part” Burnham v. Mark IV Homes, Inc., 387 Mass. 575, 586 (1982) and cases cited. The only reasonable action open to the defendants, however, in response to the Bank’s interest overcharges was to stop payment thereof. The reported evidence establishes, and the trial court so found, that the defendants in fact stopped payment immediately upon their discovery of the Bank’s error. There was thus no failure to mitigate damages herein. The defendants’ failure to discover the Bank’s breach of contract at an earlier date did not constitute a failure to mitigate damages once the breach was discovered. To conclude otherwise would unfairly reward the Bank for its own failure to discover and remedy its unintentional dishonor of the parties’ agreement.
Moreover, the rule governing mitigation of damages precludes recovery for only those “avoidable and unnecessary increases” in the injured party’s damages which result when his failure to take reasonable action after the breach of contract renders his injury “greater than it otherwise would have been” as a direct result of the breach. McKenna v. Commissioner of Mental Health, 347 Mass. 674, 676 (1964). The total amount of the three years excess interest sought by the defendants herein was not an “avoidable and unnecessary increase” in the defendants’ damages; but the actual amount of the damages directly attributable to the Bank’s continuing, monthly breaches of the parties’ agreement to limit the interest rate to 12%.
It is generally established that “where payments were made under a mutual mistake of fact and no negligence is shown in not discovering the error before the payments are made,an actionwill lie fortheir recovery.” Brookline v. Crane Construc. Co., 285 Mass. 558, 562 (1934). As the parties’ business transaction entailed the Bank’s monthly billing of the appropriate principal and interest payment due, the defendants were clearly justified in relying on the Bank’s knowledge of the fluctuating prime interest rate and the Bank’s calculation of this rate plus 1% not to exceed 12% per annum. See Gold Brand Confectionery, Inc. v. Dinick, 276 Mass. 386, 390-391 (1931). Simply stated, the evidence is insufficient to charge the defendants with negligence *23 in failing to discover the Bank’s error. Id. at 389 et. seq. The defendants were entitled to recover the full amount of the excess interest paid.
The trial court’s judgment for the plaintiff on Counts I and 11 of its complaint and for the defendants on their counterclaim is hereby vacated. Judgment for the defendants-plaintiffs in counterclaim is to be entered in the amount of $23,680.92 plus interest. As it is unclear from the report whether the trial court’s original judgment for the plaintiff included an award of any principal balances outstanding on the notes, this case is returned to the trial court for this determination. Judgment is then to be entered for the plaintiff in the amount of such principal due, if any. Otherwise, judgment is to be entered for the defendants on the plaintiffs complaint.