Giles, J.
Introduction
This dispute arises out of a contract entered into by the plaintiff/contractor, Bay Colony Systems, Inc. (“Bay Colony”), and the defendants, Jeffrey Judson (“Jeffrey”) and Denise Judson (collectively, “the Judsons”), to build a single-family house. The contract contained a mortgage contingency clause that permitted the Judsons to terminate the contract if they failed to obtain adequate financing; however, they did not attempt to invoke the mortgage contingency clause until after the date provided in the contract. Bay Colony alleges that the Judsons failed to give timely notice of termination, as required by the contract and, therefore, seeks partial summary judgment on the issue of liability. In their cross motion for summary judgment, the Judsons assert that the mortgage contingency clause contained no date or time requirement for notification of termination and that, since they notified Bay Colony of the contract termination within a reasonable time, they are entitled to summary judgment in their favor. Further, the Judsons argue that, even if they failed to give timely notice under the mortgage contingency clause, they are still entitled to summary judgment because Bay Colony waived its right to object to the timeliness of the notice when it accepted and cashed the Judsons’ payment check and, in so doing, became estopped from asserting the timeliness issue.
*580 Background
On or about September 23, 1998, Paul R. Pacella, as principal for Bay Colony, and the Judsons entered into an agreement (“the Contract") whereby Bay Colony agreed to provide all labor and material for the construction of a single-family home in Carlisle, Massachusetts, in exchange for the Judsons’ payment of $576,900.00. Also contained in the Contract was a mortgage contingency clause, which provided that
In order to help finance the acquisition of said premises, the Owner has applied or shall apply for a construction and/or permanent loan, not to exceed $576,900.00, from a bank or other financial institution at prevailing rates, terms and conditions. If despite the Owner’s diligent efforts, such loan cannot be obtained and closed on or before November 1, 1998, the Owner may terminate this agreement by written notice to the Contractor, whereupon any payments made under this agreement paid in advance of any work having been done shall forthwith be refunded and all other obligations of the parties hereto shall cease and this agreement shall be void without recourse to the parties hereto. Should Owner elect to terminate this Agreement pursuant to this section, Owner agrees that Contractor shall receive compensation for any work and/or materials already supplied for Owner’s benefit. Owner need only apply to one mortgage lender.
(Emphasis added.)
Subsequent to signing the Contract, the Judsons applied for financing for the construction of the house; however, they were unable to secure financing on or before November 1, 1998. The November 1, 1998 deadline passed without the Judsons providing written notification to Bay Colony of their intent to invoke the mortgage contingency clause. On or about December 21,1998, Jeffrey sent a letter to Bay Colony stating that “(w]e will be postponing construction of our home on lot 11, Hutchins Rd., Carlisle, MA indefinitely. Please provide us with a detailed bill for services completed to date.”
In the spring of 1999, Bay Colony sent Jeffrey a bill for its work and expenses in the amount of $16,322.77, including a $2,500.00 charge for professional services. The Judsons paid the entire bill by a check dated March 5, 1999. They obtained financing for the construction of their house in or about December 1999. Bay Colony filed this action in December of 1999, alleging breach of contract.
Discussion
This court grants summary judgment where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Kourouvacilis v. Gen. Motors Corp., 410 Mass. 706, 713-14 (1991). The moving party bears the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The court decides any conflicts in the materials and all logical permissible inferences in favor of the nonmoving party. See Willitts v. Roman Catholic Archbishop of Boston, 411 Mass. 202, 203 (1991).
Under Massachusetts law, interpretation of a contract is ordinarily a question of law for the court. Allstate Insurance Co. v. Bearce, 412 Mass. 442, 446-47 (1992). If a contract is ambiguous, its interpretation creates a question of fact for the jury. See Trafton v. Custeau, 338 Mass. 305, 307-08 (1959). A contract’s language is ambiguous where its “terms are inconsistent on their face or where the phraseology can support reasonable difference[s] of opinion as to the meaning of the words employed and obligations undertaken.” Coll v. PB Diagnostic Systems Inc., 50 F.3d 1115, 1122 (1st Cir. 1995). An unambiguous contract must be enforced according to its terms and the subjective contemplations of the parties are immaterial. Schwanbeck v. Federal-Mogul Corp., 412 Mass. 703, 706 (1992). Parties are bound by the plain terms of their contract. Forte v. Caruso, 336 Mass. 476, 480-81 (1957). “The object of the courtis to construe the contract as a whole, in a reasonable and practical way, consistent with its language, background, and purpose.” USM Corp. v. Arthur D. Little Sys., Inc., 28 Mass.App.Ct. 108, 116 (1989).
A. Timely Notice
Bay Colony contends it is entitled to partial summary judgment on the issue of liability because the Judsons failed to notify it on or before November 1, 1998, of their failure to secure financing for the construction of the house and their intention to invoke their termination right under the mortgage contingency clause. Bay Colony argues that the Judsons lost the benefit of the mortgage contingency clause on November 1, 1998, and, therefore, are bound to proceed under the terms of the Contract and compensate it for its lost profits.
The Judsons counter in their cross motion for summary judgment that the mortgage contingency clause contained no date by which they were required to give notice of termination, only their deadline for obtaining financing.[2] They further assert that they gave notice within a reasonable time in December 1998 and, therefore, properly invoked the mortgage contingency clause.[3] See Charles River Park, Inc. v. Boston Redevelopment Authority, 28 Mass.App.Ct. 795, 814 (1990).
The Appeals Court addressed this issue in a similar context. In Tremouliaris v. Pina, 23 Mass.App.Ct. 722 (1987), the parties executed a contract for the purchase and sale of a single-family home. The contract contained a mortgage contingency clause which provided that “(i]f the BUYERS having used due diligence fail in good faith to obtain a loan commitment within 30 days then this agreement shall become null and *581 void ...” Id. at 723. The sellers, who refused to proceed with the sale when the buyer received financing thirty-eight days after signing the agreement, unsuccessfully argued that, once the thirty-day period for obtaining financing expired, the agreement was “null and void” without any further recourse by either party. Id. at 724. The court looked to the purpose of the contract, found that the essence of the contract was for the sale of the property at a set price, and determined that the financing clause served subsidiary purposes for both parties. Id. at 726. Consequently, since both parties failed to notify the other within the thirty days that either intended to invoke the mortgage contingency clause and terminate the agreement, the contract was enforceable; and the seller had to sell the house to the buyer. Id. at 728. The court stated,
we think the only way the agreement can be interpreted as a rational instrument, satisfying the primary intent of the parties that the property be sold, as well as their subsidiary interests reflected in the mortgage contingency clause, is to recognize, even in the absence of a formal notice requirement, an implicit requirement that, to bring into play the “null and void” provision, one party communicate to the other some form of notice.
Id. at 726.
Although Tremouliaris dealt with the purchase and sale of a house, the same analysis applies here. By signing the Contract, Bay Colony agreed to construct the Judsons’ home in exchange for payment; and both parties benefitted from the mortgage contingency clause. A reasonable interpretation of the mortgage contingency clause under the Tremouliaris logic is that the November 1, 1998 date established a time limit upon which Bay Colony could rely, in the absence of notice by the Judsons, for the establishment of the parties’ obligations to proceed under the Contract. See Tremouliaris v. Pina, 23 Mass.App.Ct. at 726-27. Thus, the November 1st date can reasonably be read as not only the Judsons’ deadline for obtaining financing but also their deadline for notifying Bay Colony of their failure to do so. The mortgage contingency clause does not expressly or impliedly permit the Judsons to wait a “reasonable” time after November 1, 1998, to notify Bay Colony. See id. at 726. Accordingly, the failure of the Judsons to notify Bay Colony on or before November 1, 1998, of their intent to invoke the mortgage contingency clause constituted a waiver of that right and, in turn, obligated the Judsons to perform under the Contract. See Tremouliaris v. Pina, 23 Mass.App.Ct. at 726-27; Wojtkun v. Dewolfe New England, Civil No. 98-629-A (Essex Super.Ct. July 24, 2000) (12 Mass. L. Rptr. 149).
B. Waiver of Right to Object to Timeliness
The Judsons counter in their cross motion for summary judgment that Bay Colony is barred from seeking its lost profits under the Contract because the latter accepted and cashed the March 1999 payment check under the mortgage contingency clause without reserving any of its contractual rights and, in so doing, waived its right to challenge the timeliness of their notice. They claim that Bay Colony knew they were invoking the mortgage contingency clause and terminating the Contract by their December 1998 letter because, along with the notice to Bay Colony to postpone indefinitely the house’s construction, Jeffrey requested Bay Colony to provide a detailed list of its expenses and fees to date, which was only required under the mortgage contingency clause. The Judsons contend that, because no other clause in the contract required payment of expenses and fees with notice except the mortgage contingency clause, Bay Colony knew or should have known they invoked the mortgage contingency clause and, hence, waived the timeliness issue by accepting payment.
Waiver is an intentional relinquishment of a known right. Niagara Fire Ins. Co. v. Lowell Trucking Corp., 316 Mass. 652, 657 (1944). See Merrimack Mutual Fire Ins. Co. v. Nonaka, 414 Mass. 187, 189 (1993). The question of waiver is ordinarily one of fact, Gamache v. Mayor of North Adams, 17 Mass.App.Ct. 291, 293 (1983); MacDonald & Payne Co. v. Metallic Arts of New England, Inc., 324 Mass. 353, 356 (1949), and is dependent on the totalify of the circumstances, Bossi v. Whalen, 19 Mass.App.Ct. 966, 968 (1985). However, the court concludes that as a matter of law there was no waiver here. Despite the Judsons’ claim that Bay Colony’s acceptance of the March 1999 payment check without a reservation of rights constituted a waiver of the timeliness issue, they present no facts to support their conclusory allegations. See Rotundi v. Arbella Mutual Ins. Co., 54 Mass.App.Ct. 906, 907 (2002). Thus, the defendants have no reasonable expectation of proving their defense of waiver. See Kourouvacilis, 410 Mass. at 716.
C. Estoppel from Asserting Contract Was Terminated
The Judsons’ final argument that Bay Colony is estopped from asserting the Contract was terminated is equally unpersuasive. “In order to work an estoppel it must appear that one has been induced by the conduct of another to do something different from what otherwise would have been done and which has resulted to his harm . . .” Royal-Globe Ins. Co. v. Craven, 411 Mass. 629, 635 (1992), quoting from DiMarzo v. American Mut Ins. Co., 389 Mass. 85, 112 (1983). The parly asserting estoppel has a heavy burden. See Clickner v. Lowell, 422 Mass. 539, 544 (1996). Because the Judsons have failed to show either a representation or reliance, their estoppel argument also fails. See Rotundi, 54 Mass.App.Ct. at 906.
ORDER
For all the foregoing reasons, the plaintiffs motion for partial summary judgment on the issue of liability only is hereby ALLOWED; and the defendants’ cross motion for summary judgment is hereby DENIED.

The Judsons advance another reason why the court should imply a reasonable time for providing Bay Colony with notice of termination. Distinguishing this case from the typical case in which notice of intent to invoke the mortgage contingency clause is mandated on or before the date listed in the mortgage contingency clause, they argue that Bay Colony is safeguarded from damages because the clause requires the Judsons to pay for all costs and services incurred up to the date they invoked the mortgage contingency clause. Accordingly, unlike the usual scenario in which the seller would suffer damages if the property is not returned to the market promptly, here Bay Colony will be compensated for all its costs and expenses.

The Judsons acknowledge that the notice of termination had to be timely and that they could not have postponed performance indefinitely under the contract.