### Isaac C. Stevens *vs.* Abraham Stevens.

If the purchaser of a homestead, on the day of receiving his deed, borrows money which he applies in part payment therefor, and shortly afterwards, on the same day, executes a note for the money so borrowed, the note·is to be regarded as relating back to the time of the actual loan, and as an existing debt at the time of the purchase of the homestead.

WRIT OF ENTRY to recover a piece of land with a dwelling-house thereon in Marlborough.

It was agreed, in the superior court, that on the 1st of Apri 1856, at ten o'clock in the forenoon, the tenant received a deed of the premises, and on the same day moved into the house with his family. On the morning of the same day, the demandant lent to the tenant some money, which the latter paid to his grantor at the time of receiving his deed, as part of the consideration money thereof. At about one o'clock in the afternoon of the same day, the tenant executed to the demandant two notes for the money so borrowed, upon which the demandant subsequently recovered judgment and levied his execution upon the premises which were set off to the demandant at the appraised value o nine hundred dollars.

Upon these facts judgment was rendered for the demandant,

subject to an estate of homestead in the tenant; and the demandant appealed to this court.

*T. H. Sweetser,* for the demandant.

*T. C. Hurd,* for the tenant.

BY THE COURT. On the peculiar facts of this case, we think the debt on which the demandant recovered judgment and for which he obtained execution which he levied on the demanded premises must be regarded as a debt contracted previous to the purchase of the demanded premises; and that the tenant cannot claim a homestead therein under *St.* 1855, *c.* 238, as against the title acquired by the demandant under his levy. The money was clearly lent by the demandant previous to the purchase of the estate, because it was intended to be used and was in fact appropriated to complete the purchase and obtain the delivery of the deed. The giving of the notes on the same day for the amount lent cannot be considered, under the circumstances of this case, as a payment of the loan or as the contracting of a new debt. There was in fact but a single transaction ; the notes were given only as evidence of the amount of the loan, and must be regarded as relating back to and constituting a part of the *res gestæ* attending the negotiation between the parties.

*Judgment for the demandant.*