Elaine GRUET, Plaintiff,

v.

**FEDERAL DEPOSIT INSURANCE COR-
PORATION, as Liquidating Agent of
Boston Trade Bank, Defendant.**

Civ. A. No. 94–30107–MAP.

United States District Court,
D. Massachusetts.

March 23, 1995.

Kevin M. Walkowski, Paul S. Doherty, Do-
herty, Wallace, Pillsbury & Murphy, Spring-
field, MA, for plaintiff.

Paul K. Flavin, Steven D. Frank, Flavin &
Jubinville, Milton, MA, for defendant.

*MEMORANDUM REGARDING CROSS–
MOTIONS FOR SUMMARY
JUDGMENT*

PONSOR, District Judge.

## I. *INTRODUCTION*

In 1987, plaintiff Elaine Gruet executed a personal guaranty on a loan made by the Boston Trade Bank (the "Bank") to Kahn Converters, Inc. ("Kahn"). The Bank's assets were subsequently transferred to defendant Federal Deposit Insurance Corporation ("FDIC"). After Kahn defaulted on its obligation, the FDIC sued Gruet for default on her personal guaranty. As part of its suit against Gruet, the FDIC attached property belonging to the plaintiff and, after judgment had been entered against her, purchased the property at a Sheriff's Sale.

Plaintiff claims that the FDIC's interest in the property is subject, however, to a Declaration of Homestead declared and filed prior to judgment on the default; this declaration, she argues, renders her eligible for an exemption under Mass.Gen.L. ch. 188, § 1. Plaintiff contends that the proceeds from any subsequent sale of the property by the FDIC must be allocated first to satisfy any prior mortgages on the property and second to her in the amount of her homestead exemption.

The FDIC asserts that plaintiff is ineligible for a homestead exemption because her debt to the Bank was contracted prior to the acquisition of her estate of homestead and therefore is not exempt under ch. 188 § 1(2). The FDIC further asserts that, even if plaintiff would have been entitled to a homestead exemption, she waived such an exemption in the original guaranty.

In response, plaintiff contends that, under Massachusetts law, a homeowner may not prospectively waive a homestead estate and that, in order to waive her interest in the homestead, she would have had to execute a document sufficient to convey that interest to the Bank. In plaintiff's view, the form guaranty provided by the Bank was not recordable or recorded and therefore did not convey her interest in the property to the Bank.

The parties have filed cross-motions for summary judgment and do not dispute the dispositive facts in the case.

The court will allow defendant FDIC's motion for summary judgment and deny plaintiff's cross-motion for summary judgment. Plaintiff's obligation to pay the Bank, based upon her personal guaranty of the Bank's loan to Kahn, became a "debt contracted" under the meaning of ch. 188 § 1(2) when she signed the guaranty. Therefore, since her acquisition of a homestead interest was made subsequent to the "debt contracted" with the Bank, it is not exempt from attachment and sale.

The court's reasoning is set forth in more detail below.

## II.  *SUMMARY JUDGMENT STANDING*

Summary judgment is appropriate where the moving party is entitled to judgment as a matter of law and the record reveals no genuine issue as to any material fact. Fed. R.Civ.P. 56(c); *Commercial Union Ins. Co. v. Walbrook Ins. Co.*, 7 F.3d 1047, 1050 (1st Cir.1993) (citing *Mesnick v. General Electric Co.*, 950 F.2d 816 (1st Cir.1991), *cert. denied*, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992)). As both parties have stipulated to the material facts of the case, the court's task is to determine which of the parties is entitled to judgment as a matter of law.

## III.  *FACTUAL BACKGROUND*

In February 1987, the Bank agreed to loan Kahn the sum of four hundred thousand dollars ($400,000.00) under a revolving loan and security agreement (the "Loan"). In connection with the Loan, the Bank required that all business partners in Kahn, including its shareholders, execute personal guaranties of the Loan.

Plaintiff Elaine Gruet was a shareholder in Kahn and executed a personal guaranty of the loan in February 1987. The guaranty that plaintiff executed was a form guaranty provided to her by the Bank, which provided that the guarantor waived all defenses that might be available to her, including any homestead exemption. At the time of the guaranty, plaintiff was the owner of a home in Longmeadow, in which she resided with her husband and children. Plaintiff's guaranty to the bank was not secured by a mortgage on her home.

On April 3, 1990, the Bank notified plaintiff that Kahn had defaulted on the Loan. On April 6, 1990, plaintiff recorded a Declaration of Homestead in the Hampden County Registry of Deeds, declaring a homestead interest in her home pursuant to Mass.Gen.L. ch. 188, § 1. On April 18, the Bank sued Kahn and the guarantors of the loan, alleging default on the loan and guaranties. The Bank then sought and secured an *ex parte* attachment of plaintiff's real estate. The attachment was recorded in the Hampden County Registry of Deeds on May 2, 1990.

Judgment was entered against plaintiff and the other guarantors of the Loan on February 21, 1991. The Bank's assets were subsequently transferred to the defendant, the Federal Deposit Insurance Corporation ("FDIC"). On July 30, 1993, plaintiff's property was sold to the FDIC for one hundred seventy thousand dollars ($170,000.00) at a Sheriff's Sale.

## IV.  *DISCUSSION*

■   The ability of a homeowner to claim a homestead interest is established under Massachusetts Law at ch. 188 §§ 1 *et seq.* Mass. Gen.L. ch. 188 (1990). Under the statute, an estate of homestead is exempt from sale for payments of debts, except in the case of a "debt contracted prior to the acquisition of said estate of homestead." ch. 188 § 1(2). Plaintiff claims that her obligation as a guarantor of the Loan to Kahn was not a "debt contracted" under the meaning of the statute until final judgment was rendered by the

bankruptcy court in February 1991. Therefore, plaintiff contends that she is entitled to a homestead exemption and that the FDIC's interest in the proceeds from the sale of her home is subject to her $100,000.00 homestead interest.

In support of her contention that her homestead exemption was filed before she contracted her debt with the Bank, plaintiff cites two recent decisions of the United States Bankruptcy Court for the District of Massachusetts, *In re Miller*, 113 B.R. 98, (Bankr.D.Mass.1990) and *Braunstein v. Creech*, No. A93–1559, slip op. (Bankr. D.Mass. Sept. 19, 1994) (Kenner, B.J.). In both *Miller* and *Braunstein*, the court, applying Massachusetts law, held that debts that were unliquidated and not reasonably susceptible to mathematical calculation were not "debts contracted" under the meaning of ch. 188 § 1(2) and, therefore, the homeowners were entitled to claim a homestead exemption. *See Miller*, 113 B.R. at 102, 105; *Braunstein*, No. A93–1559 at 4, 7.

Plaintiff's reliance on *Miller* and *Braunstein* is misplaced. The "debts" at issue in both of these cases involved damages imposed after judgments. *Miller* was concerned with damages imposed in a tort suit, and *Braunstein* dealt with damages that resulted from violations of landlord-tenant law. *See Miller*, 113 B.R. at 98; *Braunstein*, No. A93–1559 at 1–2. Neither of these cases was an action in which the debt resulted from a contractual obligation.

In contrast, plaintiff's obligation to the Bank arose from the signed contract of guaranty which she executed in 1987. As such, it was not a "debt" in the sense of damages imposed after judgment, but instead a "debt contracted." In fact, the court in *Miller*, in an extensive review of the Supreme Judicial Court's rulings on exemptions under the homestead law, drew just such a distinction between "debts contracted" and "liability for torts not reduced to judgment." *Miller*, 113 B.R. at 101–2 (citing *Rice v. Southgate*, 82 Mass. (16 Gray) 142 (1860) (surety contract); *Thurston v. Maddocks*, 88 Mass. (6 Allen) 427 (1863) (account current); *Stevens v. Stevens*, 92 Mass. (10 Allen) 146 (1865) (promissory note)). The court in *Miller*, while acknowledging that the Supreme Judicial Court had not set forth a general rule defining a "debt contracted," determined that "clearly the court did not think it necessary for judgment to have entered on a contract before it could give rise to a 'debt contracted.'" *Id.* at 101.

In contrast to liability for damages resulting from a personal injury tort or violation of law, the liability of a guarantor to a loan is contractual. *In re Goodman Indus., Inc.*, 21 B.R. 512, 519 (Bankr.D.Mass.1982). It is true that not all contractual obligations are considered "debts" under Massachusetts law. *H.G. Kilbourne Co. v. Standard Stamp Affixer Co.*, 216 Mass. 118, 119, 103 N.E. 469 (1913) ("The word 'debt' has never been made to include the simple possibility of being found responsible in damages for the breach of an *executory contract*, where neither the fact of liability nor the amount can be held affirmatively to exist until a judgment shall have been recovered.") (emphasis added). Nonetheless, the obligation of a guarantor on a loan, even a revolving line of credit such as the one issued by the Bank to Kahn in this case, is distinguishable from that of a party to an executory contract, where neither the fact of liability nor the actual amount of damages exists until a judgment has been rendered. *Id.* at 121, 103 N.E. 469. *See also Garsson v. American Diesel Engine Corp.*, 310 Mass. 618, 621, 39 N.E.2d 566 (1942) ("debt" includes agreements for payment which require some calculation to determine exact amount, provided debtor has made distinct and binding promise to pay).

Plaintiff's contract with the bank was not executory, nor was it contingent upon a finding of damages. Plaintiff executed an Unlimited Guaranty of the Loan, obligating her to pay Kahn's "indebtedness, obligations, liabilities and undertakings ... upon default," in return for the Bank's extension of credit to Kahn. Defendant's Exhibit A, "Unlimited Guaranty." One who guarantees a loan is bound, and her obligations are coextensive with that of the principal. *Merchant's National Bank v. Stone*, 296 Mass 243, 251, 5 N.E.2d 430 (1936). Further, the

fact that the amount of the loan may be uncertain does not relieve the guarantor of her liability under the contract. *H.F. Rieser's Sons, Inc. v. Parker,* 126 F.Supp. 1, 5 (D.Mass.1954) (citing *Bishop v. Eaton,* 161 Mass. 496, 37 N.E. 665 (1894)) (a guaranty can be for an indefinite amount). Plaintiff's obligation to the Bank was thus a "debt contracted" under the meaning of the statute, and she became liable for the full amount of Kahn's indebtedness to the Bank when she executed her guaranty in February 1987. Since her debt to the Bank was contracted before she filed her Declaration of Homestead in April 1990, it must follow that her homestead interest is not exempt from attachment and sale under ch. 188 § 1(2).

As the plaintiff's homestead interest is not exempt from attachment and sale, it is not necessary for the court to determine whether such an interest can be waived as a defense by the execution of a form guaranty.

## V. *CONCLUSION*

For the foregoing reasons, the court hereby ALLOWS defendant FDIC's motion for summary judgment on the complaint and DENIES plaintiff Gruet's cross-motion for summary judgment.

A separate order will issue.

## *ORDER*

For the reasons stated in the accompanying Memorandum, defendant's Motion for Summary Judgment (Docket No. 11) is hereby ALLOWED and Plaintiffs' Motion for Summary Judgment (Docket No. 13) is hereby DENIED. The clerk is ordered to enter judgment for the defendant.