Kottmyer, J.
INTRODUCTION
This matter is before the court on defendant Joseph P. Gurnick’s motion for summary judgment. The plaintiffs filed an opposition to defendant’s motion and requested that summary judgment be entered in their favor pursuant to Mass.R.Civ.P. 56(c). For the reasons set forth below, the defendant’s motion for summary judgment is DENIED and the plaintiffs’ request that summary judgment be entered in their favor is ALLOWED in part.
STATEMENT OF UNDISPUTED FACTS
On March 15, 1986, the plaintiff Albert J. Poirier, Jr., (“Poirier”) and the defendant (“Gurnick”) entered into a partnership agreement to do business under the name of Custom Water Worlds, Inc., effective immediately. On or about June 19, 1986, Poirier and Gurnick organized Custom Water Worlds, Inc., a Massachu *48 setts corporation, of which they were the directors and only shareholders. On March 8, 1989, Poirier, as president of Custom Water Worlds, Inc., executed a promissory note obliging the corporation to pay Gurnick $21,000. Custom Water Worlds, Inc., was dissolved on June 16, 1992.
In February 1993, Gurnick filed suit against Poirier, individually, in the Central District Court of Worcester (the “original complaint”). The original complaint was in three counts alleging breach of contract, breach of partnership agreement and violations of G.L.c. 108A, §40 and G.L.c. 93A. The original complaint was dismissed without prejudice and a second complaint was filed in Worcester Superior Court on March 4, 1994. In the second complaint, entitled “Complaint for In-junctive and Other Relief,” Gurnick sought a preliminary injunction, an accounting of the affairs and assets of Custom Water Worlds, Inc. and damages for violation of G.L.c. 93A. The cover sheet of the second complaint stated, “[Gurnick] is suing to compel individual defendant [Poirier] to account for assets of the defendant corporation, now dissolved, and to repay loan made to said defendant corporation.”
On March 22, 1993, before the second complaint was filed, the plaintiffs, as tenants by the entirety, executed and recorded a Declaration of Homestead in the Worcester District Registry of Deeds.
On or about December 19, 1994, Gurnick recovered a default judgment against Poirier in the Worcester Superior Court action in the amount of $95,538.38. Poirier’s request for relief from judgment under Mass.R.Civ.P. 60(b) was denied after hearing on May 22, 1995. On May 23, 1995, Gurnick proceeded with a sheriffs sale of Poirier’s residence at which Gurnick made the sole bid of $10,000.00. Gurnick then recorded his deed to the property and initiated summary process proceedings to remove the plaintiffs. The plaintiffs in turn filed this action to remove a cloud on the title of their property.
DISCUSSION
A. Summary Judgment Standard
Summary judgment is appropriate where there are no genuine issues of material fact in dispute and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts or if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, supra.
B. Homestead Statute
On March 22, 1993, the plaintiffs recorded a Declaration of Homestead pursuant to G.L.c. 188, §1 (the “Act”). The Act establishes a one hundred thousand dollar exemption for an estate of homestead from “the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies . . .” The Act, however, enumerates certain debts that are exempt from its protection. In particular, “a debt contracted prior to the acquisition of said estate of homestead” is exempt. G.L.c. 188, §1. In determining whether an exemption applies, the reasons for establishing a homestead are immaterial. See In Re Miller, 113 B.R. 98, 104-05 (Bankr. D. Mass. 1990) (underlying reasons for securing homestead do not affect its validity).
In the present case, Gurnick received a default judgment in the amount of $95,538.38 on or about December 19, 1994. The judgment and subsequent execution occurred after the plaintiffs’ Declaration of. Homestead was recorded. The issue presented is whether the execution is for a “debt contracted” before the Declaration of Homestead was recorded and therefore exempt from the protection of the Act.
“Ordinarily [’debt’] does not include something to which the party may be entitled as damages in consequence of failure to perform a duty or keep an engagement.” H.G. Kilbourne Co. v. Standard Stamp Affixer Co., 216 Mass. 118, 122 (1913). The phrase “debt contracted” also does not encompass tort claims that have not been reduced to judgment. In Re Miller, supra at 104. In addition, “[t]he word ‘debt’ has never been made to include the simple possibility of being found responsible in damages for the breach of an executory contract, where neither the fact of liability nor the amount can be held affirmatively to exist until a judgment shall have been recovered.” (Emphasis in original.) H.G. Kilbourne Co. v. Standard Stamp Affixer Co., supra at 119. Unliquidated debts that are not reasonably susceptible to mathematical calculation are also not “debts contracted” under the Act. Gruet v. FDIC, 879 F. Supp. 153, 155 (D. Mass. 1995).
Gurnick’s second complaint sought injunctive relief, an accounting of the corporation’s assets, and damages resulting from a violation of G.L.c. 93A. In essence, Gurnick sought to recover on the $21,000.00 loan he made to Custom Water Worlds, Inc., as well as additional damages suffered by Poirier’s breach of fiduciary duty.
Promissory notes may be considered “debts contracted” within the purview of the Act. See Gruet v. F.D.I.C., supra at 154-56 (discussing loan guarantor’s contract qualifying as “debt contracted” under Homestead Statute); In Re Miller, supra at 100-04 (discussing term “debt contracted”). However, while a promissory note may qualify as a “debt contracted,” the promisor on the note in this case was Custom Water Worlds, Inc., and not Poirier, individually. Any *49 recovery by Gurnick against Poirier would not be based strictly upon the promissory note’s terms and is therefore not a “debt contracted.” Further, Gurnick’s judgment against Poirier for breach of contract, breach of fiduciary duty, violation of G.L.c. 93A, and money had and received is also not a “debt contracted” by Poirier because neither the fact of liability nor the' amount of the recovery was established until judgment was actually recovered. See In re Miller, supra at 104.
C. Equitable Defenses
Plaintiffs have filed a verified bill in equity attempting to remove a cloud on the title of the premises. In his answer, Gurnick asserted the equitable defenses of waiver, estoppel, and laches. In their motions for summary judgment, neither party addressed the validity of the equitable defenses and the court therefore makes no finding as to the merits of the equitable defenses at this time.
D. Conclusion
Gurnick’s execution is not “a debt contracted prior to the acquisition of said estate of homestead” and is not exempt from protection afforded in the Act. In accordance with G.L.c. 235, §34, the plaintiffs’ Estate of Homestead is exempt from seizure on execution unless there has been a waiver of the Homestead rights, or it is otherwise established that plaintiffs are not entitled to the equitable relief they seek.
ORDER
The equitable defenses asserted by the defendant preclude entry of summary judgment in plaintiffs’ favor at this time.
Accordingly, it is hereby Ordered as follows:
1. The defendant’s motion for summary judgment is denied; and
2. The plaintiffs motion for summary judgment is allowed in part, that is, insofar as plaintiff sought a determination that the judgment is not a debt contracted prior to the Declaration of Homestead.