Donohue, J.
This matter comes before the court pursuant to Mass.R.Civ.P. 56, on the motion for summary judgment of plaintiffs Albert J. Poirier and Gail K. Poirier (“the Poiriers”). For the reasons set forth below, the plaintiffs’ motion for summary judgment is ALLOWED.
BACKGROUND
On March 22, 1993, the Poiriers, as tenants by the entirety, executed and recorded a Declaration of Homestead in the Worcester District Registry of Deeds on their principal residence. Approximately one year later, on March 4,1994, the defendant Joseph P. Gurnick *717 (“Gurnick”) filed a complaint in Worcester Superior Court against Albert Poirier, his former business partner. On or about December 19, 1994, Gurnick recovered a default judgment against Poirier in the Superior Court action in the amount of $95,538.38.
Poirier’s request for relief from the default judgment pursuant to Mass.R.Civ.P. 60(b) was denied after hearing on May 22, 1995. On May 23, 1995, Gurnick proceeded with a Sheriffs Sale of Poirier’s residence at which Gurnick made the sole bid of $10,000. Gurnick then recorded his deed to the property and initiated summary process proceedings to remove the Poiriers.
On June 16, 1995, the Poiriers filed this action to remove the cloud on the title of their property caused by the Sheriffs Sale. Subsequently, both parties moved for summary judgment in the matter. In a decision issued on November 30,1995, Judge Diane M. Kottmyer of this court granted partial summary judgment in favor of the Poiriers [5 Mass. L. Rptr. 47], Judge Kottmyer found that the default judgment was not a debt contracted before the Declaration of Homestead, and was therefore not exempt from the protection of the act. She ruled that “[i]n accordance with G.L.c. 235, §34, the plaintiffs Estate of Homestead is exempt from seizure on execution unless there has been a waiver of the Homestead rights, or it is otherwise established that plaintiffs are not entitled to the equitable relief they seek.”
Because the parties had not addressed the validity of the three equitable defenses asserted by the defendant (waiver, estoppel and laches), Judge Kottmyer made no findings as to the merits of those defenses. Since the issuance of Judge Kottmyer’s decision, both parties have submitted memoranda on the issue of the equitable defenses, and the issue is ready now for judgment.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving parly to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
The defendant argues that the plaintiffs should not be protected by the Estate of Homestead because of the equitable doctrine of waiver, estoppel and laches.
1.Waiver:
“Waiver is the intentional relinquishment of a known right.” Niagara Fire Ins. Co. v. Lowell Trucking Corp., 316 Mass. 652, 657 (1944). It is an affirmative defense which must be proved by the party alleging it. Id. The defendant argues that the plaintiffs waived their rights under the Homestead by not affirmatively asserting their rights from March 1994, when they were served with process in the prior action, until June 16, 1995, when they initiated this action.
This court finds that the plaintiffs did not intentionally relinquish their right to protection under the Homestead. Their mere failure to act did not amount to a knowing and intentional relinquishment of their rights. Moreover, the time period referred to by the defendant is not the most relevant period in deciding whether the plaintiffs waived their rights. More relevant to the court’s analysis is the period of time between the Sheriffs Sale and the plaintiffs’ filing of this action to remove the cloud on their title. The property protected by the Estate of Homestead was not the subject of the prior action between these parties, and the Homestead upon the property became directly relevant in that action only when the defendant attempted to satisfy the default judgment by execution of the Homestead property through a Sheriffs Sale. “Unless required by some rule of law, waiver of valuable rights should not be lightly inferred.” Bank of Boston v. Haufler, 20 Mass.App.Ct. 668, 673, n.9 (1985). No rule of law requires the court to find a waiver here, and the court does not find that the plaintiffs’ three-week delay in revealing their Estate of Homestead after the Sheriffs Sale is sufficient to infer that they intended to waive their Homestead rights.
2.Estoppel:
The “essential factors giving rise to an estoppel are... (1.) A representation or conduct amounting to a representation intended to induce a course of conduct on the part of the person to whom the representation is made. (2.) An act or omission resulting from the representation, whether actual or by conduct, by the person to whom the representation is made. (3.) Detriment to such person as a consequence of the act or omission.” Cellucci v. Sun Oil Co., 2 Mass.App.Ct. 722, 728 (1974) (quotations omitted). For the same reasons stated above regarding waiver, the defendant is unable to prove the first prong of the Cellucci test. The plaintiffs’ short delay in asserting their rights is not the type of act or omission which amounts to a representation intended to induce a course of conduct. They are therefore not estopped from asserting their rights under the Homestead Act.
3.Laches:
“A judge may find as a fact that laches exists if there has been unjustified, unreasonable, and prejudicial delay in raising a claim.” G.E.B. v. S.R.W., 422 Mass. 158, 166 (1996) (quotations omitted). “The burden of proving laches rests with the defendant.” Id. In the present case, the defendant has failed to submit evidence to show that the plaintiffs delay was unjustified or unreasonable. A party is not obligated to reveal to eveiy creditor or party opponent that property owned by him is protected under the Homestead Act. As *718 explained above, regarding the issue of waiver, the plaintiffs revealed the existence of their Homestead to the defendants approximately three weeks after the Sheriffs Sale. This court does not find the three-week delay to be unjustified or unreasonable, and the plaintiffs are therefore not barred from protection under the Homestead Act by the doctrine of laches.
Because the defendant cannot prevail upon any of the three equitable defenses, the deed recorded by him after the Sheriffs Sale was an improper and invalid conveyance. The plaintiffs are therefore seized in fee simple as tenants by the entirety of their principal residence and hold their title free from any rights therein in favor of the defendant.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs’ motion for summary judgment be ALLOWED.